UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| George BELTRAN and Maria L. Estrada for M.E., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendant. | Case No.: 22-cv-1915-AGS <br><br> **ORDER GRANTING PLAINTIFFS' IN FORMA PAUPERIS STATUS (ECF 2)** |

Plaintiffs, the parents of a minor suing on her behalf, move to proceed in forma pauperis (IFP). Plaintiffs qualify to proceed without paying the initial filing fee, and the complaint sufficiently states a claim for relief. So, the Court grants plaintiffs' motion.

### I. Motion to Proceed In Forma Pauperis

Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, plaintiffs own no assets and have $5 cash on hand. (ECF 2, at 2.) They have a current monthly income of $1,442 from unemployment benefits and other public assistance, which they claim will cease shortly. (*Id.* at 2.) Their monthly expenses total $1,246. (*Id.* at 5.) The Court finds that plaintiffs have sufficiently shown an inability to pay the initial $402 fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

(S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

## II. 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). In this Social Security case, plaintiffs' claim is somewhat different than a run-of-the-mill benefits appeal. Plaintiffs claim that the Commissioner's failure to provide any response to a letter requesting reinstatement of a minor's benefits violates the Due Process Clause of the U.S. Constitution. (*See* ECF 1, at 3–12.) Although unclear, it appears on initial review that the Court may have jurisdiction under 42 U.S.C § 405(g) notwithstanding the lack of a final opinion or hearing. *See Matthews v. Eldridge*, 424 U.S. 319, 330–31 (1976) (finding jurisdiction after a denial of reconsideration in part because the "constitutional challenge is entirely collateral to" the disability determination); *Brown v. City of N.Y.*, 476 U.S. 467, 484–85 (1986) (discussing whether the "final decision" requirement should be considered "waived" in various contexts, although warning that the "holding" "does not suggest that exhaustion [as part of the final decision requirement] is to be excused whenever a claimant alleges an irregularity in the agency proceedings").

And the complaint appears to state a claim, at least sufficiently to survive the "low threshold" for proceeding past the § 1915(e) screening. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). "[T]he interest of an individual in continued receipt of [disability] benefits is a statutorily created 'property' interest protected by the Fifth Amendment." *Matthews*, 424 U.S. at 332. Plaintiffs claim their minor daughter M.E. was found disabled by the Social Security Administration from birth but that her benefits were reduced to $0 a month beginning in November 2017 because "her parent['s]" "estimated wages" "increased" thereby rendering her ineligible for payment. (*See* ECF 1, at 25 (September 30, 2017 Letter from the Social Security Administration).) In 2020, the

household income dropped because plaintiff George Beltran "got injured" and then "in 2021" "suffered a COVID-19 episode." (ECF 1, at 10.) So in 2021, plaintiffs sent the Commissioner a letter detailing the reduction in household income and requesting that their minor child's disability benefits be reinstated.[2] (*Id.*) The Commissioner never responded. (*Id.*) It is plausible that, if the minor was in fact found to be entitled to benefits subject only to her parents' earnings and the Commissioner ignored a request to reinstate them after those earnings changed, procedural due process may be implicated. *See Matthews*, 424 U.S. at 332–33.

Because the issue on jurisdiction is unclear and may be assisted by having the Commissioner's response but the complaint otherwise states a claim, the Court declines to dismiss the complaint at this time. This ruling is without prejudice to the Commissioner's right to raise these, or any other, issues.

### III. Conclusion

For the reasons set forth above, the Court grants plaintiffs' IFP Motion.

Dated:  December 27, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge

---

[2] Although the letter plaintiffs sent the Commissioner is described in the complaint, it is not attached. Instead, they attach another letter to Congressman Darrell Issa requesting assistance with the same issue. (*See* ECF 1, at 23.) Nevertheless, the Court will construe the pro se plaintiffs' complaint liberally, as it is required to do, and accept the representations of what was in the letter for the purposes of screening. *See Horrod v. Comm'r Soc. Sec. Admin.,* No. 6:15-cv-00698-HZ, 2015 WL 9308263, at *2 (D. Or. Dec. 21, 2015) (explaining that the district court has "a duty to liberally construe" a Social Security claimant's "pro se brief[s]" (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).