Case 3:22-cv-01915-LL-SBC   Document 30   Filed 08/23/23   PageID.209   Page 1 of 18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BELTRAN, *et al.*,<br><br>                                 Plaintiffs,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>                                 Defendant. | Case No.: 22-CV-1915-LL-SBC<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS [DOC. NO. 16] AND PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT [DOC. NOS. 18, 28]** |

### I.    INTRODUCTION

This Report and Recommendation is submitted to presiding District Judge Linda Lopez pursuant to 28 U.S.C. section 636(b)(1) and Rule 72.1(c) of this District's Civil Local Rules. Before the Court is the Commissioner of Social Security's ("Defendant" or "Commissioner") Motion to Dismiss and George Beltran and Maria L. Estrada's (collectively, "Plaintiffs") Motion for Default Judgment. (Doc. Nos. 16, 18, 28.) The Court has fully reviewed and considered the Parties' moving papers and exhibits in support of their Motions. Having done so, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and Plaintiffs' Motion for Default Judgment be DENIED. The Court elaborates below.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

On June 21, 2016, Maricela Estrada, a minor, ("Minor Estrada") applied for supplemental security income ("SSI") based on an intellectual disability and speech and language impairments pursuant to the Social Security Act. (Doc. No. 16-2, Declaration of Connie Feng ("Feng Decl.") ¶ 3, Exhibit ("Exh.") A.) Subsequently, on August 4, 2016, the Social Security Administration ("SSA") issued a favorable Disability Determination and Transmittal ("Determination") on Minor Estrada's SSI benefits application. (*Id*.) Consistent with its Determination, the SSA issued a Notice of Award to Minor Estrada on August 16, 2016, finding "as of June 2016 she met all the rules to be eligible for SSI based on being disabled" ("Notice of Award"). (Doc. No. 16-3, Feng Decl. ¶ 3, Exh. B.) The SSA awarded Minor Estrada a monthly payment of $796.40 effective September 2016 and issued a back payment for July 2016 through August 2016 accordingly. (*Id*.) In relevant part, the Notice of Award specified Minor Estrada's award was conditioned on "her countable resources [] not [exceeding] more than the allowable limit of $2,000.00 for 2016 on." (*Id*.)

On October 18, 2017, the SSA issued a decision indicating Minor Estrada was no longer eligible for SSI benefits effective October 2017 due to excess income ("October 2017 Decision" or "Decision"). (Doc. No. 16-3, Feng Decl. ¶ 4, Exh. C.) In explaining its Decision, the SSA contrasted Minor Estrada's parents' verified wages of $3,900.34 spanning July 2017 through August 2017 with their estimated wages of $5,100.00 for the month of October 2017 and $6,900.00 for the month of November 2017. (*Id*.) The SSA advised Minor Estrada had 60 days to appeal the Decision by submitting a written request for one of two options, either a case review or an informal conference. (*Id*.) The Decision attached a "Request for Reconsideration" form, provided additional guidance regarding the administrative review process, and identified various means through which Plaintiffs could contact the SSA, including through the SSA's website, telephone number, and local office address. (*Id*.)

/ / /

Following the issuance of the SSA's October 2017 Decision, Plaintiffs did not submit a Request for Reconsideration form or otherwise request a case review or an informal conference. (Doc. No. 16-3, Feng Decl. ¶ 8.) Plaintiffs opted not to do so because "their income had not changed." (Doc. No. 25 at 5:20-28.) Instead, on October 4, 2021, Plaintiffs prepared a letter directed to the Office of Congressman Darrell Issa to "seek the intervention of the Office of Representative Darrell Issa to attempt a just resolution [of] the denial of Social Security Administration benefits on the date of January 26, 2018…" ("Issa Letter"). (Doc. No. 1 at 23, Exh. B.) Plaintiffs sent the Issa Letter via certified mail to two addresses: (1) The Office of Congressman Darrell Issa, 2300 Rayburn House Office Building, Washington, D.C., 20515; and (2) the Social Security Administration, 367 Via Vera Cruz, San Marcos, CA, 92078-2619. (*Id*. at 24, Exh. B.)

Thereafter, on December 5, 2022, Plaintiffs initiated this Action, asserting that Defendant violated the Due Process Clause of the Constitution by failing to respond to Plaintiffs' request to reopen Minor Estrada's SSI benefits claim and reinstate her benefits award. (*See generally* Doc. No. 1.) On March 8, 2023, Defendant filed its Motion to Dismiss Minor Estrada's Complaint. (Doc. No. 16.) On March 21, 2023, Plaintiffs filed a Motion to Respond to Motion to Dismiss Filed by the Government's Attorney for the Social Security Administration" ("Plaintiffs' Opposition" and "Initial Motion for Default Judgment"). (Doc. No. 18.) In doing so, Plaintiffs responded in opposition to Defendant's Motion to Dismiss and moved for default judgment. (*See id*.) On May 1, 2023, Defendant filed its Response to Plaintiffs' Initial Motion for Default Judgment ("Defendant's Opposition"). (Doc. No. 22.) On May 17, 2023, Plaintiffs filed their "Motion to Respond to a Response for a Motion for Default Judgment filed by the Government's Attorney for the Social Security Administration" ("Plaintiffs' Reply"). (Doc. No. 23.) On May 30, 2023, Plaintiffs supplemented their Reply to Defendant's Opposition ("Plaintiffs' Sur-Reply"). On July 24, 2023, Plaintiffs filed a subsequent Motion to Request Entry of Default Judgment under Federal Rules of Civil Procedure 55 ("Subsequent Motion for Default Judgment"). (Doc. No. 28.) Defendant's Motion to Dismiss and Plaintiff's Initial and

Subsequent Motions for Default Judgment (collectively, "Motion for Default Judgment[1]") are now ripe for this Court's recommendation. The Court addresses each motion in turn.

## III. DEFENDANT'S MOTION TO DISMISS

### a. Legal Standard

#### i. Rule 12(b)(1) of the Federal Rules of Civil Procedure

Defendant moves for dismissal exclusively pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). (Doc. No. 16, 3:2-4.) Plaintiffs' purported failure to exhaust Minor Estrada's administrative remedies supplies the basis of Defendant's Motion to Dismiss. (*Id.*, 4:1-6, 4:12-15; 5:24-25; 7:5-8:3.) Such basis constitutes an appropriate ground for relief under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") because it invokes the question of whether this Court has subject matter jurisdiction over the operative Complaint. *Francione v. Social Security Administration*, 2023 WL 5021556, at *3 (E.D. Cal. Aug. 7, 2023) (applying Rule 12(b)(1) to Commissioner's failure to exhaust administrative remedies argument); *Duarte v. Saul*, 2021 WL 1516241, at *5 (N.D. Cal. Apr. 16, 2021), aff'd sub nom. *Duarte v. Kijakazi*, 2023 WL 2755329 (9th Cir. Apr. 3, 2023) (same); *Kimmons v. Kijakazi*, 2023 WL 1997913, at *1 (N.D. Cal. Feb. 14, 2023) (same).

Under Rule 12(b)(1), a party may move for dismissal by challenging the subject matter jurisdiction of the presiding court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). As a result, a court may only review cases as authorized by either the Constitution or a federal statute. *Id.* "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]." *Morongo Band of Mission Indians v. California Bd. of*

---

[1] Having reviewed and compared Plaintiffs' Initial and Subsequent Motions for Default Judgment, the Court finds no material difference between the Initial and Subsequent Motions. For this reason, the Court refers to the Initial and Subsequent Motions for Default Judgment as a single Motion for Default Judgment throughout this Report and Recommendation.

*Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("Subject matter jurisdiction must exist as of the time the action is commenced."); *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir.2004) ("If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss.").

A Rule 12(b)(1) motion may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge questions the court's subject matter jurisdiction based on the allegations in the complaint. *Roberts v. Corrothers*, 812 F.2d 1173, 1178 (9th Cir. 1987). In such instances, the court conducts an inquiry that is "analogous to a [Rule] 12(b)(6) motion." *Id*. A factual challenge relies upon "affidavits or other evidence properly brought before the court" to establish a lack of subject matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2013).). In such instances, the party opposing the factual challenge "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*.

When resolving a factual challenge brought under Rule 12(b)(1), the court "need not presume the truthfulness of the plaintiffs' allegations" and may examine disputed facts to determine whether subject matter jurisdiction exists. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979) ("No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."); *Tran v. Astrue*, 2010 WL 3212461, at *1 (S.D. Cal. Aug. 12, 2010) (citing same and granting Commissioner's Rule 12(b)(1) motion for failure to exhaust administrative remedies).

### ii. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court's inquiry turns on whether the operative "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While accepting as true a plaintiff's factual allegations at the initial responsive pleading stage, a court is not obligated to accept as true legal conclusions couched as factual allegations. *Id.*; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). When resolving a motion to dismiss for failure to state a claim, a court considers the contents of the complaint and material properly submitted with it. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) (internal citations and internal quotation marks omitted) ("Ordinarily, the face of the . . . complaint, and the exhibits attached thereto, would control the Rule 12(b)(6) inquiry.").

### iii.  Pro Se Considerations

Where, as here, a plaintiff proceeds *pro se*, a court must liberally construe the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). In doing so, a court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). To that end, leave to amend a *pro se* complaint should be granted "unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Put differently, a court "should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).). Conversely, where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

b. Discussion

i. Administrative Remedies Exhaustion Requirement

Specific to Social Security litigation, Congress has limited federal courts' jurisdiction over Social Security determinations. Under the Social Security Act, federal courts may only review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Final decisions result from claimants' satisfaction of the SSA's administrative review process. Section 405(g) of the Social Security Act ("Section 405(g)") puts the onus on a claimant to obtain a "final decision of the Commissioner of Social Security made after a hearing" before seeking judicial review of an agency decision regarding Social Security benefits. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). "[] Failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. [section] 405(g), deprives the district court of jurisdiction." *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984).). Section 405(g) of the Act outlines the four steps of the administrative review process as follows:

> A civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner] and (2) the [Commissioner] has made a final decision on the claim. To obtain a hearing, the claimant must (1) present a claim to the [Commissioner] and obtain an initial determination; (2) seek reconsideration; and (3) after reconsideration, request a hearing before an administrative law judge. The decision made following the hearing does not become the final decision of the [Commissioner] until the claimant (4) requests review by the Appeals Council, and the Appeals Council either grants or denies review.

20 C.F.R. § 416.1400(a)(1)-(5) (enumerating the four-step administrative review process); *Duarte*, 2021 WL 1516241, at **5-7, aff'd sub nom. *Duarte*, 2023 WL 2755329 (9th Cir. Apr. 3, 2023) (dismissing claimant's case for lack of subject matter jurisdiction upon finding claimant failed to exhaust her administrative remedies and establish waiver by exhaustion); *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (Section 405(g) "clearly

limits judicial review to ... a 'final decision' of the [Commissioner] made after a hearing."); *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (final decision requires "complete exhaustion of administrative remedies.").

Having reviewed the Parties' submissions on Defendant's Motion to Dismiss, the Court finds Plaintiffs have failed to exhaust their administrative remedies as the Social Security Act mandates. In support of its request for relief, Defendant submits the Declaration of Connie Feng ("Feng"), who serves as a Management Analyst in the San Francisco Regional Office of the SSA. (Doc. No. 16-1, Feng Decl. ¶ 1.) Feng avers that, on February 10, 2023, she "reviewed various agency's databases including the SSR Query (SSI record), Evidence Portal, Consolidated Claims Experience (CCE), eView, and Online Retrieval System (ORS) for Maricela Estrada, a minor." (*Id.*, Feng Decl., ¶ 2.) In doing so, Feng declares she "was unable to locate a reconsideration request by Maria Lorenza Estrada or any other representative acting on behalf of Maricela Estrada." (*Id.*, Feng Decl., ¶ 8.)

Plaintiffs' opposing papers offer nothing to contest the relevant excerpts of the Feng Declaration. Notably, Plaintiffs have not submitted evidence demonstrating they took any steps – let alone, timely steps – to complete the four-step administrative review process. Specifically, Plaintiffs have not substantiated that they ever submitted a request to the SSA for (1) reconsideration of the initial Decision, (2) a hearing before an administrative law judge ("ALJ"), or (3) the Appeals Council's review of an ALJ's decision. Instead, Plaintiffs rely upon the October 4, 2021-dated Issa Letter to argue they are entitled to a reopening of Minor Estrada's benefits claim ("request to reopen"). (Doc. No. 1, 23-24, Exh. B.) In fact, Plaintiffs concede they "never appealed the [SSA's] decision because their income had not changed." (Doc. No. 25, 5:20-28.) The Court will separately address Plaintiffs' request to reopen but declines to conflate it with a request for reconsideration of an initial determination by the Commissioner. The two requests are invoked under distinct circumstances, which the Court will address in its later analysis.

/ / /

More immediately, the Feng Declaration establishes Plaintiffs failed to satisfy the second step of the four-step administrative review process, namely by submitting the Request for Reconsideration form that was attached to the Commissioner's October 2017 Decision. (Doc. No. 16-3, Feng Decl. ¶ 4, Exh. C.) Although Plaintiffs were subject to a deadline of 60 days from the October 18, 2017, issuance of the SSA's Determination, Plaintiffs did not submit the Request for Reconsideration form at any point in time. In itself, the circumstance precludes Plaintiffs from obtaining a final decision from the Commissioner. For this reason, the Court finds Plaintiffs have not exhausted their administrative remedies prior to initiating this litigation. *Walters v. Comm'r of Soc. Sec.*, 2019 WL 3216905, at *2 (E.D. Cal. July 17, 2019), aff'd sub nom. *Walters v. Saul*, 2019 WL 7833140 (9th Cir. Nov. 20, 2019 (explaining that, only after plaintiff completes the four-step administrative review process and the Commissioner enters a final decision, may a court review the SSA's unfavorable determination of an SSI benefits claim); *King v. Colvin*, 2013 WL 3388730, at *1 (N.D. Cal. July 8, 2013) (applying four-step administrative review process and concluding plaintiff could not seek judicial review until he obtained a hearing before an ALJ and the Appeals Council reviewed the ALJ's decision). Thus, the Court finds it lacks subject matter jurisdiction over Plaintiffs' suit and RECOMMENDS dismissal of the Complaint without prejudice on such basis.

### ii. Waiver of Administrative Remedies Exhaustion Requirement

The Court's above analysis is not complete without examining whether the Commissioner has waived or should waive the administrative remedies exhaustion requirement ("exhaustion requirement"). As noted, the Code of Federal Regulations implementing the Social Security Act provides for a four-step administrative review process consisting of (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review of the ALJ's decision before the Appeals Council. 20 C.F.R. § 416.1400(a). It is only after completing all four of these steps that the Commissioner's decision is "final" and judicial review may be requested. *Id*. Even so, "[a]n exception to this [final decision] rule exists for 'any colorable constitutional claim of due process

violation that implicates a due process right either to a meaningful opportunity to be heard or seek reconsideration of an adverse benefits determination.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008).).

A court may waive the exhaustion requirement Section 405(g) imposes where the plaintiff demonstrates the claim is: (1) collateral to a substantive claim of entitlement ("collaterality"); (2) colorable in its showing that denial of relief will cause irreparable harm ("irreparability"); and (3) one whose resolution would not serve the purposes of exhaustion ("futility"). *Sensory Neurostimulation, Inc. v. Azar*, 977 F.3d 969, 981 (9th Cir. 2020); *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir. 1989) (internal quotations omitted); *Kim Phuong Nguyen v. Astrue*, 2011 WL 292133, at *3–4 (S.D. Cal. Jan. 27, 2011) (citing *Kildare*, 325 F.3d at 1082).

### 1. Collaterality

Collaterality exists where a plaintiff's claim "is not essentially a claim for benefits." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1985).). That definition does not aid Plaintiffs here. Plaintiffs' Complaint challenges the SSA's 2017 Decision denying continued payment of SSI benefits after the SSA found excess income disqualified Minor Estrada from further benefits. (*See generally* Doc. No. 1; Doc. No. 18, 9:20-10:6, 12:20-13:7.) In construing Plaintiffs' denial of benefits as a denial of a protected property right under the Due Process Clause, Plaintiffs' purported constitutional claim would be "inextricably intertwined" with her claims for benefits. *See Duarte*, 2021 WL 1516241, at *6 (N.D. Cal. Apr. 16, 2021), aff'd sub nom. *Duarte*, 2023 WL 2755329 (9th Cir. Apr. 3, 2023) (concluding same and citing *Kildare*, 325 F.3d at 1083 (finding purported constitutional claim of denial of property right was not collateral with plaintiffs' challenge of the SSA's denial of SSI benefits, where plaintiffs failed to allege "a specific policy" and made "only allegations of idiosyncratic individual errors")); *cf. Yellen v. Social Sec. Admin.*, 2019 WL 3767459, at *4 (D. Haw. Aug. 9, 2019) (finding plaintiff's claims "challenging a particular SSA regulation" were collateral). Insofar as Plaintiffs' purported constitutional claim turns on a denial of SSI benefits as a property

right, the claim is thus not collateral to their claim for SSI benefits.

Separately, Plaintiffs argue the Commissioner's failure to respond to the Issa Letter constitutes a violation of the Due Process Clause in itself. (Doc. No. 1, 9; Doc. No. 18, 4:17-21.) Plaintiffs elaborate they "were never given a chance to appeal in the Social Security Administration office of San Marcos with a response to deny the colorable issues of all the benefits being claimed in the [Issa Letter]." (Doc. No. 18, 4:17-21; *see id*. 7:21-8:3.) However, a "'mere allegation of a due process violation' is not a colorable constitutional claim." *Klemm*, 543 F.3d at 1144 (quoting *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000)). "[T]he claim must be supported by 'facts sufficient to state a violation of substantive or procedural due process.'" *Id*.

Here, Plaintiffs' positioning of the SSA's failure to respond to their request to reopen as a due process violation rings hollow. Plaintiffs wholly fail to address the fact that the SSA provided Plaintiffs with notice and an opportunity to be heard when the SSA issued its October 2017 Decision and attached a Request for Reconsideration form for Plaintiffs' use. Neither the Complaint nor Plaintiffs' Opposition to Defendant's Motion to Dismiss challenges the Decision's authenticity; Plaintiffs also do not dispute that they received the Decision and accompanying Request for Reconsideration form in October 2017. For these reasons, Plaintiffs fail to meet their evidentiary burden. In turn, the Court finds unavailing Plaintiffs' constitutional claim premised upon the SSA's failure to respond to the Issa Letter. *See Puga v. Colvin*, 2014 WL 2452699, *7 (N.D. Cal. May 30, 2014) (finding plaintiff's due process rights were not violated when the ALJ denied plaintiff's request to reopen his SSI claim after plaintiff failed to explain his failure to exhaust his administrative remedies and put forth evidence substantiating "fraud or other similar fault" under 20 C.F.R. § 416.1488(c).).

### 2. Irreparability

Irreparability requires a claimant to raise "at least a colorable claim that exhaustion will cause [them] irreparable injury." *Johnson*, 2 F.3d at 922 (citing *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976).). "A colorable claim of irreparable harm is one that is not

'wholly insubstantial, immaterial, or frivolous.'" *Kildare*, 325 F.3d at 1083 (quoting *Johnson*, 2 F.3d at 922). Economic hardships may constitute irreparable injury because back payments "cannot erase the experience of the entire effect of several months without food, shelter or other necessities." *Briggs*, 886 F.2d at 1140 (finding irreparable harm where claimants alleged that they subsisted on food stamps, had no health insurance, and experience homelessness).

      Here, Plaintiffs' Complaint and motion practice on Defendant's Motion to Dismiss do not define what irreparable harm may befall Minor Estrada if she were to presently exhaust her administrative remedies through the SSA's four-step administrative review process. Notwithstanding the deficiency, the Court adopts a more lenient approach to this second prong of its waiver analysis in light of Plaintiffs' prior submissions to the Court. Specifically, Plaintiffs' prior submissions establish that Plaintiffs are subject to severe financial hardship and that Minor Estrada relies upon Plaintiffs' earnings to survive. (Doc. No. 1 at 9-10 [noting Plaintiffs suffered a work-related injury in 2020 and a COVID-19 episode, which set back Plaintiffs' earnings]; *see* Doc. No 2 at 2 [attesting Plaintiffs do not own any assets, received a monthly income of $1,442 in unemployment benefits and other public assistance, and have exactly five dollars in cash]; *see generally* Doc. No. 5.) The Court finds Plaintiffs' submissions throughout this litigation regarding their financial conditions to sufficiently establish irreparable harm on economic grounds. *Duarte*, 2021 WL 1516241, at *7 (N.D. Cal. Apr. 16, 2021), aff'd sub nom. *Duarte*, 2023 WL 2755329 (9th Cir. Apr. 3, 2023) (finding irreparability and noting plaintiff "alleges economic hardship, including an inability to purchase sufficient food, attend necessary physical therapy sessions, and purchase dentures").

### 3. Futility

      Futility arises where a claimant's exhaustion of the SSA's administrative review process would not serve the policies underlying exhaustion. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987); *see Sensory Neurostimulation*, 977 F.3d at 981 (citing same). "In most cases, the exhaustion requirement allows the agency to compile a detailed factual

record and apply agency expertise in administering its own regulations. The requirement also conserves judicial resources. The agency will correct its own errors through administrative review." *Johnson*, 2 F.3d at 922. Consistent with this understanding, futility does not exist in cases where "there is nothing to be gained from permitting the compilation of a detailed factual record or from agency expertise." *Bowen v. City of New York*, 476 U.S. 485 (1986) (citing *McKart v. United States*, 395 U.S. 185, 200 (1969).). At all times, however, where "further administrative proceedings would not be futile, exhaustion should not be waived." *Sensory Neurostimulation*, 977 F.3d at 982 (finding futility was not satisfied and that claimant was not excused from Section 405(g)'s administrative remedies exhaustion requirement). Such is the case here.

Plaintiffs allege the SSA erred in continuing payment of Minor Estrada's SSI benefits and, relatedly, in overlooking Plaintiffs' request to reopen Minor Estrada's claim for benefits. As a foundational matter, in their May 30, 2023, Sur-Reply to Defendant's Motion to Dismiss, Plaintiffs admit they "never appealed the [SSA's] decision because their income had not changed. However, in 2021, COVID-19 affected the income for her parents and a letter was sent to the [SSA] due to the change of income circumstances that was never investigated by the SSA. This was the attempt to reinstate, not to appeal the 2017 decision made by the [SSA]." (Doc. No. 25, 5:20-28.) Plaintiffs' concession that they did not appeal the SSA's Decision and thus failed to exhaust the administrative review process establishes futility in light of Plaintiffs' instant request to reopen Minor Estrada's claim for SSI benefits. The SSA's failure to respond to the request to reopen may be appropriately resolved through the administrative review process, a process through which Plaintiffs were encouraged and required to submit if they sought to appeal the SSA's Decision. Accordingly, Plaintiffs' exhaustion of Minor Estrada's administrative remedies through the SSA's administrative review process would serve the exact purpose that underlies Section 405(g)'s provisions. For this reason, the Court finds Plaintiffs have failed to establish futility and, moreover, waiver by exhaustion.

/ / /

### iii. Plaintiffs' Request to Reopen

The Court next turns to Plaintiffs' request to reopen. As noted, Plaintiffs admit they first contested the SSA's Decision through the Issa Letter sent via certified mail to Congressman Darrell Issa's congressional office and the SSA's local office in San Marcos California. (Doc. No. 18, 3:23-24:5; see also Doc. No. 1, 23-24, Exh. B.) Plaintiffs add the Issa Letter placed the SSA on notice of Plaintiffs' intent to reinstate Minor Estrada's SSI benefits and argue that such notice triggered the SSA's duty to administer the appeals process. (*Id*. at 24:5-14.) The Court disagrees.

Regulation 416.1488 of the Code of Federal Regulations sets the protocols for reopening the SSA's determination of a claimant's eligibility for SSI benefits. The Regulation places the following time constraints upon a claimant seeking reinstatement of SSI benefits:

> (a) Within 12 months of the date of the notice of the initial determination for any reason;
> (b) Within two years of the date of the notice of the initial determination if [the SSA] find[s] good cause, as defined in [section] 416.1489 to reopen the case; or
> (c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, [the SSA] will take into account any physical, mental, education, or linguistic limitations (including any lack of facility with the English language) which [a claimant] may have had at the time.

20 C.F.R. § 416.1488.

Here, neither Sub-Section A nor Sub-Section B applies because the October 4, 2021-dated Issa Letter exceeds the 12-month and two-year deadlines Sub-Sections A and B respectively imposed upon the SSA's issuance of its Decision on October 18, 2017. Accordingly, the Court focuses its analysis on Sub-Section C, which does not impose a time constraint in instances where the SSA's determination issued under circumstances of "fraud or similar fault." 20 C.F.R. § 416.1488(c). To be sure, Plaintiffs here make no

allegations of fraud. Thus, the Court investigates whether Plaintiffs' contentions qualify under the "similar fault" prong of Sub-Section C. Having studied the Complaint and Plaintiffs' instant motion practice, the Court answers "no."

Plaintiffs' sole basis for requesting judicial review is to dispute the SSA's Decision finding excess income disqualifying Minor Estrada from continued payment of SSI benefits. None of the factual allegations Plaintiffs submit here invoke claims of fraud or similar fault. For this reason, the Court finds Plaintiffs are not entitled to bypass the administrative review process and simply reopen Minor Estrada's 2017 SSI benefits claim. *See Ghassemipour v. Sullivan*, 1994 WL 141656, at *1 (N.D. Cal. Apr. 12, 1994) (observing claimant submitted to the SSA's administrative review process in disputing SSA's final determination "plaintiff was ineligible for SSI benefits because of excess income"); *Duarte v. Saul*, 2021 WL 1516241, at *2 (N.D. Cal. Apr. 16, 2021), aff'd sub nom. *Duarte v. Kijakazi*, 2023 WL 2755329 (9th Cir. Apr. 3, 2023) (indicating the ALJ "issued a decision on the Social Security Administration's [] determination of overpayments" after claimant initiated an administrative review process through the SSA").

Finally, it is worth noting that an administrative law judge ("ALJ") "may implicitly reopen a prior claim by considering on the merits a claimant's disability status during an already-adjudicated period." *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). However, here, Plaintiff did not appeal the SSA's October 2017 Determination within the 60-day deadline Section 405(g) imposed. Thus, there was no opportunity for an ALJ to reopen, either explicitly or implicitly, the SSA's Determination.

Given the foregoing, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and Plaintiffs' claims be DISMISSED WITHOUT PREJUDICE. *Boins-Plunkett v. Colvin*, 2014 WL 6907766, at *2 (S.D. Cal. Dec. 8, 2014) (dismissing suit without prejudice for failure to exhaust to exhaust administrative remedies) (citing *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (explaining that where the Court lacks subject matter jurisdiction, the claims should be dismissed without

prejudice)); *see also Tran*, 2010 WL 3212461, at *3 (S.D. Cal. Aug. 12, 2010) (determining "plaintiffs have not presented any evidence to show that they have completed the administrative process and obtained final decisions from the Commissioner as required by [S]ection 405(g)" and dismissing suit accordingly.)

### IV. PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

#### a. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure ("Rule 55") provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Home Carpet Inv., Inc. v. Lopez*, 2021 WL 5588722, at *1 (S.D. Cal. Jan. 14, 2021). The Ninth Circuit looks to seven factors to assist the court in determining whether default judgment is appropriate, namely: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Hocking Int'l Lab'ys, Inc. v. Vegalab, Inc.*, 2020 WL 13579220, at *1 (S.D. Cal. Oct. 23, 2020) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).). "Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages." *Id*. (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *Id*. The decision to grant or deny default judgment is within the discretion of the district court. *Eitel*, 782 F.2d at 1471.

#### b. Discussion

Plaintiffs first moved for default judgment in their Opposition to Defendant's Motion to Dismiss. (Doc. No. 18, 12:20-13:7 [Plaintiffs… "ask that the Honorable Court grant him and Maricela Estrada a default judgment because the attorneys for the [SSA] have severely prejudiced Maricela Estrada's right to 'property' in the form of SSI benefits..."].) Plaintiff's subsequent July 24, 2023, Motion for Default Judgment restated

Plaintiff's initial Motion for Default Judgment and is premised upon the substantive arguments Plaintiffs raised in opposing Defendant's Motion to Dismiss. (*See* Doc. No. 28, 15:9-15 [Plaintiffs "pray to this Honorable Court for relief in the form of a declaratory relief order and for a default judgment in the amount of $1,000,000.00 for the violation of the Fifth Amendment right to reinstatement of SSI benefits as property and entitlement benefits owed retroactively for Marciela Estrada…"].) While Plaintiffs' request for relief under Rule 55 is noted, the Court is in no position to find the request meritorious.

As stated, Plaintiffs initiated this litigation on December 5, 2023. (Doc. No. 1.) Defendants first appeared in this Action on January 9, 2023. (*See* Doc. No. 10, Notice of Appearance by Michael Marriott on behalf of Defendant Kilolo Kijakazi). On February 3, 2023, Defendant then filed a Joint Motion for Extension of Time to File a Responsive Pleading to the Complaint, which presiding District Judge Lopez granted on February 14, 2023. (Doc. Nos. 13, 14.) Defendant's Motion to Dismiss timely followed on March 8, 2023. (Doc. No. 16.) Given the procedural history of this case, and that Defendant timely appeared and filed its initial responsive pleading, the Court is unable to find that Defendant "has failed to plead or otherwise defend" this Action pursuant to Rule 55. *Boayke-Yiadom v. Comm'r of Soc. Sec.*, 2013 WL 6672422, at **3-4 (N.D. Cal. Dec. 18, 2013) (declining to grant plaintiff's request for default judgment after the SSA timely filed its answer responding to plaintiff's complaint).

To that end, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *see Hocking Int'l Lab'ys, Inc.*, 2020 WL 13579220, at *1 (citing same). As indicated above, the Court finds it lacks subject matter jurisdiction over this litigation because Plaintiffs have failed to exhaust Minor Estrada's administrative remedies and separately failed to establish waiver of the administrative remedies exhaustion requirement. For this additional reason, the Court finds entry of default judgment inappropriate. Accordingly, the Court RECOMMENDS that Plaintiffs' Motion for Default

1  Judgment be DENIED.

## V. CONCLUSION

Given the foregoing, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED, Plaintiffs' Motion for Default Judgment be DENIED, and the Complaint be DISMISSED without prejudice. Accordingly, the Court DIRECTS the Parties to lodge concurrent objections to this Report and Recommendation, if any, **no later than Friday, September 1, 2023**. In so ordering, the Court submits this Report and Recommendation to District Judge Lopez for dispositive determination pursuant to 28 U.S.C. section 636(b)(1) and Civil Local Rule 72.1(c).

**IT IS SO ORDERED.**

Dated: August 22, 2023

Hon. Steve B. Chu
United States Magistrate Judge